NUMBER 13-10-00054-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

BRUCE OLSON,         
                                                                      Appellant,

 

v.

 

MICHAEL J. WESTERGREN,                                                
 Appellee.

                                                                                                                     
  

 

On appeal from the 117th
District Court 

of Nueces County,
Texas.

        
                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Rodriguez

 

            This appeal arises from a jury trial in which
appellee Michael J. Westergren obtained a verdict in his favor on his
defamation claim against appellant Bruce Olson.  By four issues, Olson argues
that:  (1) the trial court erred in determining that Westergren is a
private-figure plaintiff; the evidence was factually insufficient to support
the jury's findings that (2) Olson's statements were made with actual malice,
and (3) Westergren suffered $10,000 in damages both for injury to his
reputation in the past and future[1];
and (4) the trial court erred in failing to include a definition of reckless
disregard in the jury charge.  We affirm.

I. 
Background[2]

 

            Westergren is a former district court judge,
justice of the peace, and county attorney and, at the time of the incident that
gave rise to this case, was employed as in-house counsel to Del Mar College in
Corpus Christi, Texas.  Olson is a professor at Del Mar.  In November 2006,
Olson appeared as a guest on a local talk-radio show and had a discussion with
the host about various employment discrimination charges made by Theresa Cox, a
former Del Mar employee.  Included in those charges were allegations that
Westergren had made sexually suggestive comments to Cox and exposed Cox to
pornography in the workplace.

            Westergren sued Olson for defamation.  The
case was tried to a jury, which returned a verdict in Westergren's favor. 
Specifically, the jury found that Olson published statements about Westergren having
problems with pornography.[3] 
The jury found that Olson made the statements without ordinary care as to their
truth and defamatory character and with actual malice.  The jury awarded
Westergren $10,000 in damages for injury to his reputation in the past and
$10,000 for injury to his reputation in the future.  The trial court entered
judgment on the jury's verdict.  This appeal followed.

II. 
Sufficiency of the Evidence

 

            By two issues, Olson argues that the evidence
was factually insufficient to support the jury's findings on actual malice and reputational
damages.  In the context of a jury trial, the sufficiency of the evidence is
reviewed in light of the charge submitted if no objection is made to the
charge.  Romero v. KPH Consolidation, Inc., 166 S.W.3d 212, 221 (Tex.
2005); Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 715 (Tex.
2001).  Here, in our review of the appellate record, we have found no
objections to the charge or to the definitions of either actual malice or
reputational damages.  Thus, we review the evidence under the law as set out in
the jury charge.  See Romero, 166 S.W.3d at 221.

A. 
Actual Malice[4]

By his second issue, Olson argues that
the jury's actual malice findings were supported by factually insufficient
evidence.  Under its charge, the jury was required to find actual malice by
clear and convincing evidence.  Because Olson did not object to the charge in
this regard, we must determine if the actual malice findings were supported by
this higher standard of evidence.  See id.  

1.  The Evidence

            At trial, the evidence showed that in early
2006, Cox filed a series of grievances alleging that she had been retaliated
against for participating in the investigations of certain charges of
discrimination by Del Mar employees and students and that there was a hostile
work environment created by the Del Mar president and Westergren.  The
grievances were referred to an outside law firm for investigation, which
conducted extensive interviews with all the involved parties, including Cox and
Westergren.  That firm then issued a report encouraging the sides to mediate. 
The report also cleared Westergren of any wrongdoing.  

After the report was issued, Cox filed a
charge of discrimination with the Equal Employment Opportunity Commission.  Cox
testified that the same events that gave rise to her earlier grievances
underlay her charge of discrimination.  The charge was the first time Cox made
any allegations of sexual misconduct by Westergren.

            Olson testified that he is a history
professor and the chair of Del Mar's social sciences department.  Olson
considers himself an advocate for faculty, employee, and student rights at the
college and has participated in numerous complaint procedures and investigations
against administrators at the college.  Olson testified that he is a member of
two professional academic associations, both of which encourage their members
to consider and respect diverse points of view.  

Olson testified that he first came into
possession of Cox's charge of discrimination when two faculty members brought
him a copy.  The faculty members had been given the charge by a janitor who,
while cleaning a room after a board of regents meeting, discovered the charge
left behind on a table.  Olson testified that, although the copy of the
document he originally received did not indicate it was private and
confidential, he was aware during his radio appearance that the document was
private, confidential, and part of an on-going investigation.  

With regard to the veracity of the allegations
in the charge of discrimination, Olson testified at trial that he called Cox
and she confirmed to him over the phone that the allegations were true. 
However, in his deposition, Olson did not testify that he confirmed the truth
of the allegations with Cox before he published them on the radio; in his
deposition, Olson testified merely that he contacted Cox to inform her that the
charge was in open circulation.  Olson testified that he relied on the
allegations in the charge, in part, because the charge was notarized.  Finally,
Olson testified that he was aware of the contents of the outside law firm's
report and that the report cleared Westergren of wrongdoing with regards to
Cox's complaints.  He considered the report a "whitewash" for
purposes of clearing Westergren, but he relied on the report to the extent that
Cox was found to be a "stellar" employee.

2.  Analysis

The jury was instructed as follows
regarding actual malice:  

Do you find by clear
and convincing evidence that at the time [Olson] [made the statements regarding
Westergren's problems with pornography], [Olson] either knew [they were] false
as [they] related to [Westergren], or [Olson] made the statement[s] with a high
degree of awareness that [they were] probably false or with a reckless
disregard as to whether [they were] true or false?

 

"Clear and convincing evidence" was defined in
the jury charge as "that measure or degree of proof that will produce in
the mind of the jury a firm belief or conviction as to the truth of the allegations
sought to be established."  "High Degree of Awareness" was
defined as "strongly suspected."  Because Olson did not object to the
jury charge, we are guided by this law in our analysis of the evidence.  See
Romero, 166 S.W.3d at 221.

            In determining whether the standard for
actual malice in a defamation action has been satisfied, "the reviewing
court must consider the factual record in full."  Bentley v. Bunton,
94 S.W.3d 561, 591 (Tex. 2002).  "[T]he boundaries of actual malice, and
particularly reckless disregard, cannot be fixed by the defining words alone
but must be determined by the applications of those words to particular
circumstances."  Id. at 592.  In other words, "a plaintiff [in
a defamation case] is entitled to prove the defendant's state of mind through
circumstantial evidence."  Id. at 591; Alaniz v. Hoyt, 105
S.W.3d 330, 347 (Tex. App.—Corpus Christi 2003, no pet.), overruled on other
grounds, Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater,
285 S.W.3d 879, 881-82 (Tex. 2009) ("Although actual malice focuses on the
defendant's subjective state of mind, a plaintiff can prove it through
objective evidence about the circumstances surrounding the alleged defamatory
words.").  Here, the evidence showed that Olson went on the radio with a
document that he knew was confidential, private, and contained allegations
against Westergren that were subject to an on-going investigation.  The
circumstances under which Olson came into possession of the document were
suspect—a copy of Cox's charge was left behind after a board of regents
meeting, retrieved by a janitor, and then disseminated around the college. 
Olson knew of the earlier clearing of Westergren through the report of an
outside law firm that investigated Cox's grievances.  He also knew that the
allegations of sexual misconduct were only brought after the release of the
report clearing Westergren.  Finally, although Olson contacted Cox in an
attempt to verify the truth of the allegations and the charge of discrimination
was notarized, he did not make any attempts to contact the other "senior
female administrator" who was alleged to be present during Westergren's
inappropriate behavior.

It is true that "the failure to
investigate the facts before speaking as a reasonably prudent person would do
is not, standing alone, evidence of a reckless disregard for the truth."  Bentley,
94 S.W.3d at 591.  But Olson's failure to investigate Cox's allegations does
not stand alone in this case.  The evidence established that Olson is a tenured
history professor, long-time department chair, and member of academic
organizations that promote the investigation of diverse ideas and
perspectives.  The testimony of Olson and others at trial also established that
Olson is an advocate for student and employee rights and pursues those
complaints fairly.  This is all evidence that Olson's failure to investigate
was contrary to his usual practice, which is an indication of reckless
disregard.  See id. 

In addition to the foregoing, Olson's
credibility was called into question at trial.  For instance, although he
professed to rely on the outside law firm's report to confirm Cox's
"stellar" employment record for purposes of her credibility, he
labeled the report a "whitewash" with regard to its clearing of
Westergren.  Moreover, his testimony at trial concerning his attempts to verify
the allegations with Cox differed from his deposition testimony—at trial, Olson
testified that Cox confirmed the allegations, but in his deposition, Olson
testified that he made no such inquiries about the truth of the allegations. 
"Because the trier of fact has the ability to examine the witness's
demeanor, we must defer to its credibility determinations."  Turner v.
KTRK Television, Inc., 38 S.W.3d 103, 120 (Tex. 2000).  In this case, the
jury was permitted to question Olson's credibility in light of the above.

We acknowledge that credibility issues,
alone, do not constitute clear and convincing evidence of actual malice.  See
Alaniz, 105 S.W.3d at 347 (holding that "inconsistencies or doubts
regarding the reliability or credibility of the defendant's source of
information do not amount to clear and convincing evidence of the defendant's
knowledge of the falsity of the words or that the defendant entertained serious
doubts about their truth" (citing Turner, 38 S.W.3d at 125).  But
"[t]he defendant in a defamation action . . . cannot . . . automatically
insure a favorable verdict by testifying that he published with a belief that
the statements were true.  The finder of fact must determine whether the
publication was indeed made in good faith."  St. Amant v. Thompson,
390 U.S. 727, 732 (1968).  Here, in particular, the jury could still infer
actual malice if Olson omitted "critical facts that distort[ed] the
character of [his] communication."  See Alaniz, 105 S.W.3d
at 347 (citations omitted).  The evidence shows that Olson knew the following
facts:  the outside report on Olson's grievances exonerated Westergren of
wrongdoing with regard to Cox's complaints; Cox only raised the allegations of
sexual misconduct after that report was issued; and the charge of
discrimination was a confidential document and part of an on-going
investigation.  The evidence at trial does not show that, in his statements on
the radio, Olson mentioned any of these facts.  Where there are "obvious
reasons to doubt the veracity of the informant or the accuracy of [her]
reports," the jury may find recklessness.  St. Amant, 390 U.S. at
732.  Such reasons clearly existed in this case.

Thus, considering the factual record in
full, we conclude that the circumstances leading up to Olson's on-air
statements in combination with Olson's failure to investigate the allegations
were sufficient evidence from which the jury could form a firm belief or
conviction that Olson acted with reckless disregard as to the truth or falsity
of Cox's allegations against Westergren.  We conclude that the evidence was
therefore clear and convincing and supported the jury's actual malice finding. 
Olson's second issue is overruled.      

B. 
Damages

            By his third issue, Olson argues that the
jury's damages awards were supported by factually insufficient evidence. 
Specifically, Olson argues that Westergren "failed to provide any evidence
as to how the reputation of Judge Westergren was harmed or lessened as a result
of the conduct of Bruce Olson" and did not produce factually sufficient
evidence supporting the jury's finding that Westergren sustained reputational
damages "in the amount of twenty thousand ($20,000.00)." 

            In reviewing an appellant's factual sufficiency
challenge to an adverse jury finding on which the other party had the burden of
proof, as is the case here, we will consider, weigh, and examine all of the
evidence in the record, both in support of and contrary to the finding.  See
Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).  We will set
aside the district court's finding only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

The jury was instructed as follows with
regard to reputational damages and awarded the noted amounts:  

What sum of money, if
paid now in cash, would fairly and reasonably compensate [Westergren] for his
injuries, if any that were proximately caused by the statement or statement[s]?

 

Consider the elements
of damages listed below and none other.  Consider each element separately.  Do
not award any sum of money on any element if you have otherwise, under some
other element, awarded a sum of money for the same loss.  That is, do not
compensate twice for the same loss, if any.  Do not include interest on any
amount of damages you find.

 

Answer separately in
dollars and cents for damages, if any.

 

a.         Injury to
reputation sustained in the past.

 

            Answer:  $10,000

 

b.         Injury
to reputation that, in reasonable probability, [Westergren] will sustain in the
future.

 

            Answer:  $10,000

 

c.         Mental
anguish sustained in the past.

 

            Answer:  [$]0

 

d.         Mental
anguish that, in reasonable probability, [Westergren] will sustain in the
future.

 

            Answer:  [$]0

 

Again, we are bound by the law as laid out in the charge
as Olson lodged no objection to it.  See Romero, 166 S.W.3d at 221.

            There was substantial evidence presented at
trial regarding Westergren's positive and distinguished reputation in the
community.  Westergren testified that he is very active in the community and
that he was instrumental in starting several children's charity organizations. 
David Bright, a local attorney, testified that Westergren is a
community-oriented person and is "very highly thought of."  Guy
Watts, a member of the Del Mar Board of Regents at the time of the events
giving rise to this case, testified that Westergren had "a long
distinguished career."  Olson even testified that until the summer of 2006,
he believed Westergren to be a "nice man."  Hector Morales, a
long-time Del Mar employee, testified that he has known Westergren for a long
time, "couldn't believe" the allegations made by Cox, and that he
"was saddened by it."

            "Our law presumes that statements that
are defamatory per se injure the victim's reputation and entitle him to recover
general damages, including damages for loss of reputation . . . ."  Bentley,
94 S.W.3d at 604.  In other words, if the statement is defamatory per se, no
independent proof of damage to the plaintiff's reputation is required, as the
defamation itself gives rise to a presumption of this injury.  Moore v.
Waldrop, 166 S.W.3d 380, 384 (Tex. App.—Waco 2005, no pet.); see
Shearson Lehman Hutton, Inc. v. Tucker, 806 S.W.2d 914, 921 (Tex.
App.—Corpus Christi 1991, writ dism'd) ("Statements may be slanderous per
se if they are so obviously harmful to the person aggrieved that no proof of
their injurious effect is necessary to make them actionable.").  A
statement is defamatory per se if it:  "(1) impute[s] the commission of a
crime; (2) impute[s] contraction of a loathsome disease; (3) cause[s] injury to
a person's office, business, profession, or calling; or (4) impute[s] sexual
misconduct."  Moore, 166 S.W.3d at 384.   

Olson's statements on the radio
regarding Westergren's actions toward Cox clearly imputed sexual misconduct
and, as such, were defamation per se.  The injury to Westergren's reputation
was therefore presumed.  See Bentley, 94 S.W.3d at 604; Moore,
166 S.W.3d at 384.  Moreover, from the evidence we have summarized above, the
jury could have found that Westergren's reputation was, in fact, injured.            

            We further conclude that the amount of the
jury's award, a total of $20,000, was supported by the evidence.  "The
amount of general damages [such as reputation damages] is very difficult to
determine, and the jury is given wide discretion in its estimation of
them."  Peshak v. Greer, 13 S.W.3d 421, 427 (Tex. App.—Corpus
Christi 2000, no pet.).  Such damages are often "incapable of money
valuation," and we defer to the fact finder in its determination of those
damages.  Shearson Lehman Hutton, Inc., 806 S.W.2d at 922.  In light of
the evidence presented at trial, we defer to the jury's wide discretion and
conclude that the damages award—an award which was, incidentally, well below
the "six figure range" award suggested by Westergren in his closing
argument—was not excessive.

            In sum, the evidence supporting the jury's
award of damages was not so contrary to the overwhelming weight of the evidence
as to be clearly wrong and manifestly unjust and was therefore factually
sufficient.  See Cain, 709 S.W.2d at 176.  Olson's third issue is
overruled.

III. 
Reckless Disregard Definition

 

            By his fourth issue, Olson asserts that
"the jury should have been provided a legal definition of reckless
disregard in the jury charge."  However, in our review of the record, we
have found no objection to the jury charge on this basis.  To preserve error in
the jury charge, the complaining party must have, by objection, "made the
trial court aware of the complaint, timely and plainly, and obtained a
ruling."  State Dep't of Highways & Pub. Transp. v. Payne, 838
S.W.2d 235, 241 (Tex. 1992).  Because Olson failed to timely object to the jury
charge, he has waived any error for our review.  See id.; see also
Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 272 (providing that all
objections shall be "presented in writing" or "dictated to the
court reporter in the presence of the court and opposing counsel, before the
charge is read to the jury" and "[a]ll objections not so presented
shall be considered as waived"), 274 ("A party objecting to a charge
must point out distinctly the objectionable matter and the grounds of the
objection.  Any complaint as to a question definition, or instruction, on
account of any defect, omission, or fault in pleading, is waived unless
specifically included in the objections.").  Olson's fourth issue is
overruled.

IV. 
Conclusion

 

            We affirm the judgment of the trial court.

 

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Delivered
and filed the 

18th
day of August, 2011.









[1]
In a separately stated issue, Olson complains that the damages awarded were
excessive; but his brief of that issue is an almost verbatim reiteration of his
complaint that the evidence was factually insufficient to support the damages. 
As such, we do not recognize it as a separate issue.  See Tex. R. App. P. 47.1.





[2]
Because this is a memorandum opinion and the parties are familiar with the
facts, we will not recite them here except as necessary to advise the parties
of the Court's decision and the basic reasons for it.  See Tex. R. App. P. 47.4.





[3]
One of the statements involved Westergren exposing both Cox and "another
senior female administrator" to pornography in the workplace.

Olson does not challenge the jury's findings that the
statements were defamatory and false.





[4]
Olson complains by his first issue that the trial court erred in determining
that Westergren was a private figure for purposes of the defamation suit.  See
WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571-73 (Tex. 1998) (outlining
the various categories of defamation plaintiffs, including public officials,
public figures, and private figures).  Olson contends that the evidence
established that Westergren was a public official or public figure and, as
such, was required to prove that Olson made his defamatory statements with
actual malice.  See id. at 571.  However, because the jury was charged
as to actual malice and because we conclude that the evidence was sufficient to
support the jury's finding that Olson acted with actual malice, determining whether
Westergren was a private or public figure is not necessary to the disposition
of the appeal, and we need not address the issue.  See Tex. R. App. P. 47.1.